IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:19-cv-726-SMD |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 10, 2020, the Commissioner filed an *Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant* (Doc. 13) for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner states that remand is necessary so that the Agency may remand the case to an administrative law judge who can update the medical record, obtain supplemental evidence, and take any further action necessary to complete the administrative record. (Doc. 14).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial

evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as Defendant concedes reconsideration and further development of the record is in order. Furthermore, Plaintiff does not oppose the motion. (Doc. 18). Accordingly, it is

ORDERED that the Commissioner's *Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant* (Doc. 13) be and hereby is GRANTED. It is further

ORDERED AND ADJUDGED that the decision of the Commissioner be and is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for further proceedings. Finally, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), the plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

Done this 25th day of March, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE